JOSEPH NEWHAM, APPELLANT, v. ANTHONY NAZZARA AND ROCCO NAZZARA, RESPONDENTS.

Submitted May 17, 1930—Decided December 11, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the appellant, *Raphael Jordon, M. Metz Cohn* (*Feder & Rinzler*, of counsel).

For the respondents, *John L. Griggs*.

The opinion of the court was delivered by

TRENCHARD, J. At the time the nonsuit was granted the jury would have been justified in finding from the evidence, if they saw fit, the following matters of fact:

On May 11th, 1927, plaintiff was a passenger on a Public Service bus traveling on Godwin street in the city of Paterson. The bus stopped at seven A. M., at the intersection of Straight street to discharge passengers. The plaintiff was the first or second of the many passengers to alight from the bus. He wished to cross the street to his place of work. He passed in front of the unloading bus, so as to get a view of the street, and then made observation to the left and observed the defendant's automobile approaching in the same direction from which the bus had come, a "very good distance" away—"at least fifty feet from the intersection." Plaintiff thereupon proceeded to cross Godwin street at the intersection of Straight street, at "the crosswalk," believing that he "had plenty of time to cross to the other side," and that the driver would respect his rights. He walked about three or four feet beyond the bus and when he reached a point "pretty near the middle of the street" he observed that he "couldn't make it" because "the car was coming straight" at him too fast for him "to make it," and so he stopped and stood "sideways," thinking the automobile would avoid hitting him. As he stood in that position in the roadway, he was struck by the defendant's car and injured.

In such posture of the proofs the jury would have been justified in finding that the accident was the result of negligence upon the part of the driver of the defendants' automobile. The law imposed upon him the duty of using due care to observe whether or not people were crossing at this crosswalk at the street intersection, and to use due care to have his car under such control as not to jeopardize the safety of pedestrians who were using due care in crossing after having alighted from a bus then unloading at such crosswalk. We so held in effect in *Huenegarth* v. *Krones,* 1 *N. J. Mis. R.* 113. See, also, *Tischler* v. *Steinholtz,* 99 *N. J. L.* 149.

No doubt the learned trial judge recognized that rule. He granted the nonsuit because he thought that the plaintiff was guilty of contributory negligence as a matter of law. He based that view mainly upon the ground that the plaintiff was not using the crosswalk when injured. The difficulty with that view is that it overlooks or ignores the testimony of the plaintiff and his witnesses that the plaintiff was using the crosswalk.

Considering all of the evidence we think that reasonable men might well have differed upon the question of contributory negligence and therefore that question should have been submitted to the jury.

The plaintiff had a right to assume that the driver of the defendants' automobile would exercise proper caution in approaching the street crossing. *Clarkson* v. *Ley,* 106 *N. J. L.* 380; *Venghis* v. *Nathanson,* 101 *Id.* 110; *Tischler* v. *Steinholtz, supra.* The plaintiff alighted from a bus which had stopped at the street intersection to discharge passengers. The jury might have found from the evidence that, while the bus was unloading, he passed in front of the bus to get a view of the street; that he observed the defendants' automobile approaching the rear of the bus a "very good distance" away—"at least fifty feet from the intersection;" that, believing he had plenty of time to cross and that the driver would respect his rights, he proceeded to cross the street at the "crosswalk;" that when he reached the middle of the street he saw that he "couldn't make it" because the

defendants' car was coming at him too fast for him "to make it," and so he stopped, thinking the car would avoid hitting him; that so standing he was hit and injured. Of course the jury might have lawfully inferred that, when the plaintiff started to cross, he had reason to believe from his observation and considering the circumstances, that he could safely cross if the driver of the defendants' car exercised reasonable care. If they inferred that the plaintiff honestly misjudged the speed of defendants' car, they nevertheless could have concluded that he should not be charged with negligence in view of his right to assume that his rights as a foot passenger would be respected by the driver of the defendants' car. *Huenegarth* v. *Krones, supra.* The jury might have found that the plaintiff in using the crosswalk was without fault, and was put in sudden danger by the negligent operation of defendants' automobile. If so, the fact that he stopped in the middle of the street instead of attempting to proceed or retreat, when suddenly confronted with that imminent peril, would not justify a nonsuit, but the question of his contributory negligence should have been submitted to the jury under proper instructions. *Chiapparine* v. *Public Service Railway Co.,* 91 *N. J. L.* 581; *Barry* v. *Borden Farm Products Co.,* 100 *Id.* 106; *Thomas* v. *Metzendorf,* 101 *Id.* 346.

The judgment will be reversed and a *venire de novo* awarded.