BARBARA MARILYN MILLER, ETC., AND DAVID MILLER, INDIVIDUALLY, PLAINTIFFS-APPELLANTS, v. MARTHA CONSTRUCTION COMPANY, ETC., DEFENDANT-RESPONDENT.

Argued January 10, 1967—Decided February 20, 1967.

*Mr. Sam Weiss* argued the cause for appellants (*Mr. Nicholas Martini,* attorney).

*Mr. Anthony R. Amabile* argued the cause for respondent.

The opinion of the court was delivered

PER CURIAM. The infant plaintiff was injured when she stepped on a broken soap receptacle which had become dislodged from the wall and had fallen into the bathtub. She and her parents *per quod* recovered judgments, which the Appellate Division in an unreported opinion reversed for error in the charge to the jury. We granted certification. 47 *N. J.* 565 (1966).

The error was found to reside in the instruction that the defendant builder-landlord "owed a *duty* to the plaintiffs to furnish a reasonably secure soap receptacle over the tub." The deficiency was found to be the failure to describe the "duty," that is, to say that the duty was to use due care rather than an absolute duty to provide a reasonably secure receptacle. This instruction came from a request to charge, submitted by plaintiffs, which was addressed to the subject of nondelegable duty but which the trial court granted only to the extent we have just indicated.

Considered in the context of the whole charge, we see no room for misunderstanding on the part of the jury. No one had suggested the duty owed was absolute. Rather the case was tried in terms of a duty to use reasonable care and the duty was described several times in the charge in those terms. It is not unusual to state separately the existence of a duty with respect to a given subject and then to describe the duty as one to use due care. The jury must have understood the quoted statement in that light, rather than to have thought that the court was injecting the completely new idea of the duty's being that of an insurer.

The only basis we see for argument in this regard arises from the unusual way in which the trial court handled the charge. The court delivered its charge and then sent the jurors out of the room, advising them not to begin deliberations since the court was about to "pass upon requested charges submitted by some of the parties." Thereupon the trial court discussed the requests to charge the parties had submitted, and after a colloquy covering some 14 pages and consuming 23 minutes according to the stenographer's notations, the trial court recalled the jury and charged those requests which it decided to allow.

That procedure was irregular and should not be repeated. Requests are to be submitted before or at the close of the evidence, R. R. 4:52–1, to the end that a court may integrate the requests into the main charge, thus avoiding the possibility of undue emphasis or conflicts in expression. If for some reason the trial court is unable thus to synthesize the material, the requests are usually disposed of promptly at the close of the prepared charge. Nonetheless we are satisfied defendant was not harmed. When defense counsel objected to the disputed instruction before it was given, the trial court, perhaps not catching precisely what counsel had in mind, replied it would "further charge the jury not to take it out of context," and the trial court did conclude the further instructions with the statement:

"Members of the Jury, the general charge of the Court and the additional charges that I gave to the Jury shall be treated by you as one entire charge. You are not to treat the supplemental charges requested out of context."

In the context of the trial, the jury could not have been misled.

There being no basis for reversal in that respect or in the further ground pressed before the Appellate Division, the judgment of the Appellate Division is reversed and the judgments of the trial court are affirmed.

*For reversal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN.—7.

*For affirmance*—None.