189 N.J. Super. 167 (1983)
459 A.2d 691
JOYCE GOLDSTONE, A MINOR, BY HER GUARDIAN AD LITEM BARBARA S. GOLDSTONE, AND BARBARA S. GOLDSTONE, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
DAVID E. TUERS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 22, 1983.
Decided April 6, 1983.
*168 Before Judges MICHELS, PRESSLER and TRAUTWEIN.
Robert A. Negran argued the cause for appellant (Levinson, Conover, Axelrod & Wheaton, attorneys; Ronald B. Grayzel of counsel; Robert A. Negran on the brief).
Edward J. Gilhooly argued the cause for respondent.
MICHELS, P.J.A.D.
Plaintiffs Joyce Goldstone, a minor, by her guardian ad litem Barbara S. Goldstone, and Barbara S. Goldstone individually appeal from a judgment of the Law Division entered in favor of defendant David E. Tuers on a jury verdict that defendant was not negligent in injuring Joyce Goldstone and from an order of the trial court that denied their motion for a new trial. Plaintiffs *169 instituted this action to recover damages for the personal injuries sustained when the infant plaintiff was allegedly struck by an automobile operated by defendant.
We are entirely satisfied from our study of the record and the arguments presented that the evidence in support of the jury verdict is not insufficient; that the denial of the motion for a new trial by the trial judge did not represent a manifest denial of justice, and that, with a single exception discussed below, all of the issues of law raised are clearly without merit. R. 2:11-3(e)(1)(B), (C) and (E).
Plaintiffs claim that the trial judge committed reversible error by failing to charge an important principle of law that they had requested. Plaintiffs requested that the judge instruct the jury as follows:
Joyce Goldstone had a right to presume that defendant would operate his vehicle with due regard for her safety. Joyce Goldstone was not required to anticipate that defendant would not conform to a standard of reasonable care.
It is a firmly settled principle of law that a person has the right to assume that the driver of an automobile will exercise reasonable care and observe the standard of conduct required of him in the use of the highway. See, e.g., Van Rensselaer v. Viorst, 136 N.J.L. 628, 631 (E. & A. 1948); Newham v. Nazzara, 107 N.J.L. 208, 210 (Sup.Ct. 1930). This principle has found acceptance in the model charges suggested for use by trial judges in automobile negligence cases. See New Jersey Bar Association, Model Jury Charges, § 5.18(A) at 221 (1981). Here, the trial judge instructed the jury as to the appropriate duty of care, tracking the language of the model charge. However, she omitted to charge the principle stated above. She admitted afterward that she had inadvertently skipped over the principle requested but refused to amend the charge, saying that to do so after the charge had been completed "would give undue emphasis to that portion of the trial." Therefore, although defendant's and the infant plaintiff's duties of care were adequately *170 and clearly covered by the jury charge, the above requested principle was not charged to the jury in any manner.
The issue of whether a trial judge must give the charge requested by a party is discussed in State v. Green, 86 N.J. 281 (1981), as follows:
Requests for jury instructions may be classified into three levels of importance: (1) those concerning essential and fundamental issues; (2) those concerning substantially material matters; and (3) all other relevant and material subjects.
The court should instruct the jury with respect to requests involving essential and fundamental issues and those dealing with substantially material points. See Wild v. Roman, 91 N.J. Super. 410, 413-414 (App.Div. 1966). Requests for instructions regarding such matters should be honored. As we stated in State v. Spruill, 16 N.J. 73, 81 (1954):
Generally, the judge is bound to comply with requests for instructions that correctly state the controlling legal principles in relation to the evidence, and concern the material issues and points of the case.
When the subject matter of the request does not fall within the first two categories, essential or substantially material issues, then the trial court may exercise broad discretion on whether to grant the request. Guidelines of relevancy and materiality should be observed in exercising that discretion.
........
Failure to honor proper requests will ordinarily be deemed prejudicial error when the subject matter is fundamental and essential or is substantially material to the trial. In any other situation the objecting party must establish an abuse of discretion. [at 289-291].
Whether the charge requested by plaintiffs concerned an "essential and fundamental" issue or merely a "substantially material" issue, it is inescapable that the trial judge's failure to charge as requested was error. It is customary for counsel to point out inadequacies or omissions in the charge to the trial judge immediately after the charge is completed. If well-founded, these objections ordinarily will be acted upon by the trial judge in the form of a supplemental charge. Cf., e.g., Aiello v. Myzie, 88 N.J. Super. 187, 193 (App.Div. 1965), certif. den. 45 N.J. 594 (1965); Kreis v. Owens, 38 N.J. Super. 148, 155 (App.Div. 1955). In such a case the trial judge may consider mitigating *171 any undue emphasis engendered by the supplemental charge by further instructing the jury to consider the charge as a whole. The following instruction was approved in Miller v. Martha Constr. Co., 48 N.J. 550 (1967):
Members of the Jury, the general charge of the Court and the additional charges that I gave to the Jury shall be treated by you as one entire charge. You are not to treat the supplemental charges requested out of context. [at 552-553]
Nevertheless, we are firmly convinced that the failure to give the requested charge was harmless and clearly did not have the capacity to produce an unjust result. R. 2:10-2. See State v. Macon, 57 N.J. 325, 336 (1971); State v. Hock, 54 N.J. 526, 538 (1969), cert. den. 399 U.S. 930, 90 S.Ct. 2254, 26 L.Ed.2d 797 (1970). The requested charge related to the infant plaintiff's duty of care as a pedestrian. As far as the record shows, the jury never reached the question of her negligence. The jury was given the following interrogatories:
First, "was the Defendant, David Tuers negligent, and if so, was such negligence a proximate cause of the accident."
There's a space for "Yes," a space for "No." And you can put a check in either place. If you answer Question Number One "No," you need go no further. And that's written right on the Interrogatory Sheet. If you answer Question Number One "Yes," you must answer the following question:
"Was the Plaintiff, Joyce Goldstone, negligent, and if so, was such negligence a proximate cause of the accident."
And again, there's a space for "Yes," and a space for "No." You may answer those questions however you find it. But if you answer both questions "Yes," you must answer the following question:
"Taking the combined negligence of the Parties which proximately contributed to the happening of this accident as being 100 percent, what percentage of such total negligence is attributable to the Defendant, David Tuers; the Plaintiff, Joyce Goldstone."
The jury's finding was that defendant was not negligent. Therefore the jury did not reach the question of the infant plaintiff's negligence. Consequently, the omission of the requested charge ultimately had no effect at all on the verdict.
Affirm.