273 N.J. Super. 410 (1994)
642 A.2d 409
LILLIAN MCCLELLAND, PLAINTIFF-RESPONDENT,
v.
ROBERT TUCKER AND MITTIE GRAY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued March 21, 1994.
Decided May 18, 1994.
*412 Before Judges MUIR, Jr., and THOMAS and LEVY.
James P. McHugh, III, argued the cause on behalf of appellant Mittie Gray (Leary, Bride, Tinker & Moran, attorneys; James P. McHugh and Brian Peoples, on the brief).
Randall S. Bruckman argued the cause on behalf of appellant Robert Tucker (Maloof, Lebowitz & Bubb, attorneys; Randall S. Bruckman, on the brief).
*413 Pamela Mandel argued the cause on behalf of respondent (Pamela Mandel, on the brief).
The opinion of the court was delivered by PAUL G. LEVY, J.S.C. (temporarily assigned).
Defendants appeal from a jury verdict awarding damages of $30,000 to plaintiff for personal injuries sustained in an automobile accident. Prior to trial, defendants admitted liability, leaving only damages to be determined by the jury. Plaintiff admits she is subject to the verbal threshold and may only recover for noneconomic losses if her personal injuries fit into one of the nine specified categories of N.J.S.A. 39:6A-8a. Defendants claim the jury instructions were erroneous and the verdict was against the weight of the evidence. We agree the jury instructions were erroneous and reverse for a new trial.
On April 2, 1989, plaintiff was a passenger in a car operated by defendant Robert Tucker. As the two drove through Newark, they collided with a car operated by defendant Mittie Gray. The accident caused plaintiff's right arm and shoulder to hit the passenger side door. Plaintiff felt no pain after the accident. That night she took a Tylenol and went to bed. The next morning plaintiff felt pain in her arm, neck and lower back. She went to the hospital where she was x-rayed, given pills for the pain and told to see her personal physician. A few days later, plaintiff went to see a doctor who again x-rayed these areas. He placed heat packs on her neck, arm and back; plaintiff received these treatments, in addition to physical therapy, for three months. No subsequent treatments were received and plaintiff sought no additional medical services.
Plaintiff filed an action against Tucker and Gray seeking damages for her soft tissue injuries. Plaintiff claims the injuries have a serious impact upon her life. Plaintiff alleges she can no longer do housework, nor can she lift her two year old grandson. Further, because carrying dishes caused back pain, her employer of 20 years changed her position from waitress to cashier. Plaintiff never missed a day at work on account of her injury, and the *414 change in position did not affect her salary; she claimed at oral argument, however, she no longer received tips, but there is no testimony to support this claim.
Plaintiff's doctor testified his initial examination revealed a flattening of the cervical curve indicating muscle spasm. There was hardness of the posterior cervical muscles and trapezoid and inner scapular muscles indicating spasm, restriction of motion and pain. Plaintiff also experienced swelling at the top of the elbow with pain on pressing. As to her lower back, plaintiff demonstrated a flattening of the normal spinal curvature with hardness, pain and limitation of motion.
After six weeks of treatment, a thermogram was performed on plaintiff's back and neck. The results, which were introduced at trial, "suggested" sensory root irritation in the neck at C5, C6, C7 and C8 and nerve root irritation in the lower back at L3, L4, L5 and S1 indicating a disc disfunction.
Upon plaintiff's final examination, she still complained of intermittent neck and back pain. The doctor found the back and neck had a normal curve and there was not as much spasm or tenderness; there was some limited range of motion. Her elbow was normal. In the doctor's opinion, plaintiff's injuries related to the accident and her condition was permanent. He indicated these injuries could ultimately lead to an inability to work.
Based upon an examination of plaintiff and review of her doctor's reports, defendant's physician found that plaintiff's back and neck had a normal cervical curve and both exhibited full mobility. Although plaintiff may have sustained temporary soft tissue injury, this doctor found no objective evidence to document her current subjective complaints and concluded plaintiff did not sustain any permanent injury. In his view, there was no medical reason why she could not work as a waitress or lift her grandchild.

I. Pretrial and Trial Motions

Defendants' pretrial motion for summary judgment and motion for involuntary dismissal at the conclusion of the plaintiff's case *415 were denied, as was a motion for judgment made at the end of the trial. On appeal, defendants challenge these three rulings. Each motion was based on defendants' contentions that plaintiff failed to proffer credible objective medical evidence to support a claim under the verbal threshold, and that plaintiff failed to prove her injuries had a serious impact on her life. Oswin v. Shaw, 129 N.J. 290, 318, 609 A.2d 415 (1992) requires such proof for recovery of damages when the insured has selected the verbal threshold option.
As to the motion for summary judgment, the standard of review on appeal is the same as that before the trial court: whether there is a genuine issue as to a material fact and whether the moving party is entitled to an order as a matter of law. When the motion concerns the verbal threshold, the court is to decide whether the medical evidence shows that plaintiff's injuries fall within at least one of the nine categories, and if so, whether the credible, objective medical evidence demonstrates a material dispute of fact regarding the nature and extent of plaintiff's injuries. Additionally, there must be some evidence that plaintiff's injuries had a serious impact on her life. Similarly, when we review rulings made during trial on dispositive motions, we are concerned with whether the evidence, together with legitimate inferences that can be drawn from the evidence, sustains a judgment in favor of the non-moving party, here the plaintiff. R. 4:46-2; R. 4:37-2(b); R. 4:40-1.
Plaintiff's physician, Dr. Meyers, initially observed muscle spasm while examining her cervical spine; he heard her subjective complaints indicating a restricted range of motion of her neck, right arm and back. Dr. Meyers also observed a swelling and tenderness of her elbow, causing reduced range of motion. From these objective and subjective observations and the abnormal results of a thermogram of plaintiff's neck and back, he concluded she had muscle injuries. After a subsequent examination, he noted improvement, but concluded she had permanent injuries of her spine and right elbow which could lead to arthritis and create *416 future flare-ups. In his opinion she could not perform the duties of a waitress; she also testified she could no longer do her customary household chores nor lift her grandson. Properly instructed, a jury could reasonably have concluded the two requirements of Oswin v. Shaw had been met and plaintiff was entitled to damages under the strictures of the verbal threshold law.

II. The Jury Instructions

Defendants submitted written and oral requests to charge the jury as to the objective-subjective "hybrid nature" of range-of-motion testing in verbal threshold cases. The standard governing such tests is stated in Oswin v. Shaw:
Although our requirement of objective, credible evidence will eliminate many soft-tissue injuries, we do not presume that plaintiffs alleging such injuries are necessarily barred from recovery; rather, we require objective proof of such injury and consequent disability. We recognize that producing such proof may be difficult; but even though soft-tissue injuries are not apparent in X-rays, they often manifest themselves in objective form, including swelling, discoloration, and spasm. Because most range-of-motion tests are based only on patients' pain responses, they ordinarily will not suffice unless the restricted mobility is verified by physical examination and observation.
[129 N.J. at 319-320, 609 A.2d 415]
The instruction sought by defendants contained the last sentence of the aforementioned standard. The trial judge denied their request, apparently making a distinction between application of this standard at pretrial motion and at trial. However, the issue in both is whether the range-of-motion testing, combined with other objective medical evidence, demonstrates plaintiff fits into either Category 7 or 8. At a pretrial motion, the court makes this determination, and if the court finds for the plaintiff, the jury is to assess the credibility of the witnesses and determine, by a fair preponderance of the evidence (which must include objective medical evidence) whether the plaintiff fits into either category and whether her injuries had a serious impact on her and her lifestyle. If plaintiff thereby crosses the verbal threshold, the jury must resolve the factual disputes concerning the nature and *417 extent of those injuries by evaluating her noneconomic loss. Id. at 307, 314. In order to resolve the factual differences in the evidence, parsing among the various expert opinions, medical records and subjective statements from plaintiff and her fact witnesses the jury must understand the difference between objective and subjective evidence.
The standards established in Oswin v. Shaw are, therefore, the essential and fundamental issues in a trial for damages where the verbal threshold applies. As such, the trial court should instruct the jury about the standards, and it should honor requests for such instructions. See State v. Green, 86 N.J. 281, 290, 430 A.2d 914 (1981); Goldstone v. Tuers, 189 N.J. Super. 167, 170, 459 A.2d 691 (App.Div. 1983). Noting that correct charges are essential for a fair trial, the Court in State v. Martin, 119 N.J. 2, 15, 573 A.2d 1359 (1990) said:
A charge is a road map to guide the jury, and without an appropriate charge a jury can take a wrong turn in its deliberations. Thus, the court must explain the controlling legal principles and the questions the jury is to decide. Green, supra, 86 N.J. at 288 [430 A.2d 914]. So critical is the need for accuracy that erroneous instructions on material points are presumed to be reversible error.
Here the court's charge concerning the verbal threshold criteria was limited to the following:
Plaintiff in this case seeks to recover money damages for injuries she alleges that she sustained in an automobile accident. Quite often in an automobile case you'll find issues as to liability as to the negligence. Who was negligent, who was at fault. That's not an issue in this case. What is an issue is the verbal threshold. What is an issue is if the verbal threshold is met, what dollar value should be put on plaintiff's damages. Under New Jersey law, a person injured in an automobile accident may not recover damages unless certain requirements are met.... The three requirements that are pertinent in this case  relevant, are as follows, and the plaintiff does not have to prove all three. The plaintiff need only prove one of these three and to guide you, I'm going to give you at the end of the case in writing, what these three requirements are and you can take that into the jury room with you. One, plaintiff sustains a per  personal injury which results in permanent consequential limitation of use of a body organ or member.... Requirement No. 2, plaintiff sustained a personal injury which resulted in a significant limitation of the use of a body function or system. Requirement No. 3, plaintiff sustained a medically determined injury or impairment of a non-permanent nature which prevented the plaintiff from performing substantially all of the material acts which constitute her usual and customary daily activities for not less than 90 days *418 during the 180 days immediately following the occurrence of the injury or impairment.... Now plaintiff must approve one of the above three threshold requirements by a preponderance of the evidence and she must prove it by credible objective evidence. Subjective complaints unsupported by credible medical evidence are not sufficient. She must show a connection between the injury and the disability. She must show that the injury was serious and she must show that the injury has had a serious impact on her life.... If you find that one of those three has been established by the plaintiff, and if you also find that plaintiff's injury is serious and it had a serious impact upon her life, then you should return a verdict that the plaintiff can recover damages under New Jersey law. If you find that the plaintiff has failed to prove the foregoing, then you should return a verdict that she cannot recover damages under New Jersey law. (emphasis added)
The brief mention of the standard of proof, emphasized above, is not as thorough as that found in the Model Jury Charges  Civil § 5.41 for categories 7 and 8. The model charge, in pertinent part, defines objective evidence each time one of the verbal threshold categories is explained, as follows:
Plaintiff must show proof of the alleged injury by objective, credible evidence. That is, the proofs must be both objective and credible. Objective means that the evidence must be verified by physical examination and observation and cannot be based solely on plaintiff's complaints. Credible means that the evidence is believable.
The lack of an explanation of objective evidence is critical in a verbal threshold jury charge, and constitutes reversible error here where the court only mentioned the standard once as part of the standard of proof. To only say that "plaintiff must prove she met one of the verbal threshold categories by credible objective evidence and subjective complaints unsupported by credible medical evidence" is not sufficient, and without any explanation of the difference between objective and subjective evidence as related to range-of-motion tests, the instruction is inadequate. We conclude this limited charge, without further explanation, did not permit the jury to accurately apply the law to the facts.
In Oswin v. Shaw the Court specified it "would anticipate the use of special interrogatories to ascertain the jury's conclusion." Oswin v. Shaw, supra, 129 N.J. at 307-308, 609 A.2d 415. Defendants offered proposed interrogatories including a question on each of the separate categories of the verbal threshold and whether the objective and subjective criteria were met for each. *419 They followed the scheme of the model charge which suggests the following interrogatories for Categories 7 and 8:

 1. Has the plaintiff sustained an injury, caused
 by this accident, consisting of a permanent
 consequential limitation of use of a body organ
 or member? [A footnote says: "The
 Court, when going over this interrogatory
 with the jury, may want to state as follows:
 If you find permanent limitation of use, and
 that the limitation is consequential, as I have
 defined it, you must answer the question
 `Yes'. If you find that there is no permanent
 limitation, or the limitation is not
 consequential, you must answer the question
 `No'."]
 [] Yes [] No
 2. Has the plaintiff sustained an injury, caused
 by this accident, consisting of a significant
 limitation of use of a body function or system?
 [] Yes [] No
 IF YOU ANSWERED ANY OF THE
 ABOVE [TWO] QUESTIONS "YES" CONTINUE
 TO QUESTION [3]. IF YOU ANSWERED
 ALL OF THE ABOVE QUESTIONS
 "NO", CEASE DELIBERATIONS
 AND INFORM THE COURT YOU HAVE
 REACHED A VERDICT.
 3. What amount of money will fairly and reasonably
 compensate plaintiff for the injuries
 proven to be proximately caused by this accident?
 $ ____________

The trial court utilized its own Jury Verdict Sheet which stated:

 INSTRUCTIONS: Please check the appropriate
 box or boxes.
 1. The plaintiff has met the verbal threshold
 and therefore may recover damages.
 []
*420 2. The plaintiff has not met the verbal threshold
 and therefore may not recover damages.
 []
 (If you have checked this box, this verdict
 sheet is complete and you may not answer
 the next question.)
 3. If you have checked box #1, and you find
 that the plaintiff has been damaged, then set
 forth the dollar amount of those damages.
 $ _______________
 (Do not answer this question if you have
 checked the box in question # 2)

If there had been an adequate definition of the criteria for satisfying the verbal threshold, these interrogatories might have sufficed, but considering the deficient instructions given to this jury, they are not instructive to the jury and could likely lead to an unfair verdict.

III. The Effect of the Jury Verdict

Defendants contend the verdict was against the weight of the evidence, requiring a judgment n.o.v. or new trial because the court erred in allowing the jury to consider Category 9 of the verbal threshold. At oral argument, plaintiff admitted there was insufficient evidence of her qualifications for Category 9 relief and it was wrong to submit that issue to the jury. We agree and direct the court concentrate on Categories 7 and 8 at the new trial.
Defendants also contend it was error to allow Dr. Meyers to testify as to the permanency of plaintiff's injuries and her inability to lift her grandson, and that the verdict was excessive. Under the circumstances, we conclude these contentions are without merit. R. 2:11-3(e)(1)(E).

Conclusion
In this case involving the verbal threshold option of N.J.S.A. 39:6A-8a, the motion judge properly decided there existed believable objective medical evidence that plaintiff fit one of the statutory categories and believable subjective evidence that her injuries adversely impacted on her lifestyle. While it is the function of the *421 jury to weigh all the evidence, pro and con, and decide whether it is persuaded that plaintiff fits one of the categories and has a diminished lifestyle, in this instance, without an adequate explanation of objective and subjective evidence by the trial judge, the jury was precluded from deciding which evidence should be evaluated by the preponderance standard. Accordingly, the verdict is vacated and the matter is remanded to the trial court for a new trial.
Reversed and remanded.